IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NANCY JANE STAMPER,**

    Petitioner,

v.                                                        **Civil Action No. 1:20cv200**
                                                                   **(Judge Kleeh)**

**P. ADAMS, Warden**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 13, 2020, the *pro se* petitioner, Nancy Jane Stamper ("Stamper"), an inmate at Hazelton Secure Female Facility ("HSFF") in Bruceton Mills, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. With her petition, Stamper filed a motion to proceed as a pauper and a copy of her Prisoner Trust Account Report with its Ledger Sheets. ECF Nos. 2, 3.

This matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be denied for lack of jurisdiction.

### II. The Petition

The petitioner is raising conditions of confinement claims. She alleges that she was forced to live in inhumane and unsanitary conditions between June 15 – June 19, 2020, when HSFF had no running water and she was confined to her locked cell without water, air condition, or the ability to conduct personal hygiene. ECF No. 1 at 5. Once the water was turned back on and she had already used the water to brush her teeth and take her medication, she was notified that she was not to drink the water because of a water main break. Id. at 6. Stamper also alleges that during the same time

period, she was exposed to the risk of fire hazard or emergency because of the lack of water. Id. at 7. She raises an Eighth Amendment claim of cruel and unusual punishment, alleging that because of the lack of water, she and other inmates were denied access to their families by phone, email or video visits during the same time period. Id. She also alleges exposure to COVID-19, asserting that on July 7, 2020, one inmate was tested as a "false positive." She avers that from June 17, 2010 (when the water main break issues began) until July 9, 2020, none of the established procedures for COVID-19 pandemic screening of inmates such as temperature checks have been conducted, and inmates were permitted to go outside to recreation in large groups, "ignoring the 30 inmates at a time protocol." Id. at 7, 9. Finally, she alleges that her ability to file administrative grievances has been impeded in various ways. Id. at 8, 10.

Petitioner avers that she has filed administrative grievances over her claims; it is unclear whether she has exhausted he same. Id. at 9 – 11.

As relief, Petitioner requests that this Court order HSFF to perform COVID-19 testing, and upon confirmation of positive cases, to conduct antibody testing. Id. at 11. Further, she requests that "data . . . be made known once there is a confirmed case, not names only their numbers." Id. She requests that this Court order HSFF to conduct air and water testing and give her a report; and order remediation or professional sanitation of all buildings, because she has been "exposed to two deadly diseases the coronavirus and mercer [sic] in December 2019." Id. Finally, she requests that this Court order HSFF to undergo a thorough investigation regarding OSHA and health code regulations, and direct HSFF to follow all of the CDC sanitation guidelines, rules, regulations to control the spread of the coronavirus. Id. at 11 - 12.

### III. Standard of Review

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

**IV. Analysis**

A § 2241 petition is used to attack the way a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted). Therefore, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of her

3

confinement, or the conditions of her confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of her sentence. Instead, she alleges that the BOP has improperly exposed her to inhumane, unsanitary conditions of confinement, exposed her to the possibility of infection, violated her constitutional right to be free of cruel and unusual punishment, restricted her access to visit with her family, and impeded her exhausting her administrative remedies. Her claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of her confinement. Petitioner's claims do not impact the fact or duration of her confinement. Therefore, the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, 411 U.S. at 499 - 500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

For the foregoing reasons, the undersigned **RECOMMENDS** that Stamper's petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice** to her right to file a Bivens action.

The undersigned further **RECOMMENDS** that Stamper's pending motion to proceed as a pauper [ECF No. 2] be **DENIED as moot.**

Finally, the undersigned **RECOMMENDS** that the Clerk of Court be directed to send Petitioner a Court-approved form Bivens packet, should Petitioner wish to proceed with her claims in a civil rights action.

**Within fourteen days** after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed

ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 18, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE